**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **NANCY MOTT and** ) | **CASE NO. 4:17 CV 186** |
| **TERRENCE MOTT,** ) | |
| ) | **JUDGE CHRISTOPHER A. BOYKO** |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **MITTEL STEEL,** *et al.,* ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiffs Nancy Mott and Terrence Mott filed this action against Mittel Steel, M.D. Anderson Cancer Centers and Associates, the United States State Department, Atlas Energy Group, Atlas Resources, now Targa Resources Corp., Dearing Compressor Systems and Exterran, now Archrock Compressor Systems. The body of the Complaint, in its entirety, states:

> That the Defendants named above engaged with groups, domestic and international to: defame, deplete monies, pollute and distruct [sic] gas reservoirs, distruct [sic] aquifers of the United States of America.
>
> That the Defendants engaged in a pattern of money-laundering for foreign and domestic failing ventures.
>
> That the Defendants named above violated RICO statutes.

They ask that this Court remove Mittel Steel's operating rights and transfer their business and facilities to a domestic corporation operated by domestic individuals.

## II. LAW AND ANALYSIS

### Standard of Review

The Court is required to construe Plaintiffs' *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), District Courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Where the plaintiff's claims are without the "legal plausibility necessary to invoke federal subject matter jurisdiction," the Court may dismiss the Complaint upon its own Motion. *Id.* at 480.

### Standing

In every federal case, the party bringing the suit has the burden to establish standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the Court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing is a "bedrock requirement" of federal jurisdiction. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Plaintiffs lack standing to bring the action, the Court lacks subject matter jurisdiction and must dismiss the case. *Langfan v. Goodyear Tire & Rubber Co.*, 529 F. App'x 460, 463 (6th

Cir. 2013). Therefore, the Court is obligated to address a party's lack of standing even if the parties fail to raise the issue on their own. *See Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 983 (6th Cir. 2012).

Article III standing requires three things of Plaintiffs: (1) that they suffered an injury-in-fact that is "concrete and particularized," and "actual or imminent, not 'conjectural or hypothetical;'" (2) that they demonstrate a fair amount of traceability between that injury they allege they suffered and the "challenged action of the Defendant;" and (3) there is a likelihood, as opposed to mere speculation, that "the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000). *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Langfan v. Goodyear Tire & Rubber Co.*, 529 F. App'x 460, 462 (6th Cir. 2013).

Here, Plaintiffs have not established standing to bring this action. First, they do not allege that they suffered an injury-in-fact. They allege the Defendants engaged with foreign and domestic groups to defame unidentified parties, deplete monies from unspecified sources, pollute and destruct gas reservoirs and aquifers in the United States of America. They also contend the Defendants engaged in a pattern of money-laundering for foreign and domestic failing ventures. Assuming the truth of the allegations and construing them in the light most favorable to Plaintiffs, they do not plead facts to suggest that they were personally injured by any of these alleged actions. In addition, there is no connection between any of these allegations and any specific Defendant to say what that Defendant did that Plaintiffs believe met the description above. Third, Plaintiffs do not demonstrate that there is a likelihood that the relief they seek - removal of Mittel Steel's operating rights and transfer of their business and facilities to a

domestic corporation operated by domestic individuals - would redress any potential injury from the actions described in the Complaint. Plaintiffs have not met their burden to demonstrate standing to bring this action.

### III. CONCLUSION

As Plaintiffs lack standing, the Court cannot reach the merits of their claims. This action is dismissed *sua sponte* for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: April 10, 2017

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.